IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LEE SPRADLIN <br><br> Defendant. | 8:21CV |

# COMPLAINT

COMES NOW the Plaintiff by Jan W. Sharp, Acting United States Attorney for the District of Nebraska, and Steven A. Russell, Assistant United States Attorney for this District, and for its cause of action alleges:

1. This is a civil action brought by the United States of America under the provisions of Title 28 U.S.C. § 1345 and Title 28 U.S.C. § 3001 *et seq*.

2. Venue is proper pursuant to Title 28 U.S.C. § 1391.

3. Service may be made in the following manner: Defendant, Lee Spradlin, may be served at his residence in Cozad, NE 69130-5301.

## STATEMENT OF FACTS AND LAW

4. The Food Safety Security Act prohibits the conversion of any wetland. Title 16 U.S.C. § 3801 *et seq.*

5. Any individual who has converted wetland "by draining, dredging, filling, leveling, or any other means for the purpose…of making the production of an agricultural commodity possible on such converted wetland" is ineligible for Direct and Counter-Cyclical Program and

Agriculture Risk Coverage – County program payments for the crop year in which the conversion occurred and all subsequent crop years. Title 16 U.S.C. § 3821(d).

6. The Direct and Counter-Cyclical Program (DSP) is authorized under the Farm Security and Rural Investment Act of 2002, Title 7 U.S.C. § 7901 *et seq*.; P.L 112-240 § 701. It is administered by the Farm Service Agency (FSA), United States Department of Agriculture (USDA).

7. The Agriculture Risk Coverage – County (ARC-CO) Program is authorized under the Agricultural Act of 2014, Title 7 U.S.C. § 9011 *et seq*. It is administered by the Farm Service Agency (FSA), United States Department of Agriculture (USDA).

**COUNT 1: CLAIM TO REDUCE PENALTY TO JUDGMENT**

8. In 2013, Lee Spradlin was the farm operator on Farm Serial Number 197, Tract 1535, and Farm Serial Number 1535 in Dawson County, Nebraska.

9. On January 24, 2013, Mr. Spradlin submitted an AD-1026 (Highly Erodible Land Conservation (HELC) and Wetland Conservation (WC)) Certification stating he intended to sodbust remaining trees, stumps, and grass on "Farm 197, Tract#1535, Sodbust Field#4 (27.73 Acres) Combine#1, 4 = Field# 5." He indicated he planned to use the land for crop production.

10. Mr. Spradlin certified he agreed his "eligibility for certain USDA program benefits [was] contingent upon [his] certification of compliance with the highly erodible land and wetland conservation provisions of the Food Security Act of 1985 as amended, and if a determination is made that results in a violation and ineligibility, [he] agree[d] to refund all applicable payments."

11. On February 4, 2013, NCRS sent letters to the landowners advising them NCRS had made preliminary determinations that the land appeared to be composed of wetland, prompting

the necessity of an on-site inspection. The letter cited previous non-certified wetland technical determinations whereby a portion of land in both tracts had been identified as wetlands.

12. The February 4, 2013 letter advised the owners not to move any soil prior to obtaining a Certified Wetland Determination. Mr. Spradlin received a copy of this letter.

13. On February 26, 2013, NRCS sent a letter to Mr. Spradlin advising him not to perform any work on the property until the NCRS could make a wetland determination.

14. On April 4, 2013, an NRCS representative visited the property; Spradlin had already started clearing the field despite the February 26, 2013 letter warning him not to. The NRCS representative apprised Mr. Spradlin of the process if NCRS did determine Mr. Spradlin was converting wetland.

15. On October 3, 2014, NCRS issued final certified wetland technical determinations concluding various fields on Farm 197, Tract 1535 and Farm 198, Tract 1534 were, in fact wetland.

16. The October 3, 2014 letter also included a paragraph instructing Mr. Spradlin to talk with NCRS before making any alterations to the property.

17. NCRS ultimately concluded Tract 1534 had 11.88 acres of converted wetland and Tract 1535 included 9.7 acres of converted wetland.

18. From 2013 to 2017, Mr. Spradlin received USDA program benefits under the Direct and Counter-Cyclical Program (DCP) and Agricultural Risk Coverage–County (ARC-CO) Program.

19. On May 26, 2017, FSA sent a letter to Mr. Spradlin advising him that he had committed a Wetland Conversion violation, and as such, he was ineligible for USDA benefits subject to the Highly Erodible Land Conservation and Wetland Conservation Requirements from

2013 through 2017, along with all subsequent years until the field's restoration or mitigation. 7 C.F.R. § 12.4.

20. FSA determined Mr. Spradlin was required to refund with interest all program funds Mr. Spradlin received from 2013 to 2017. 7 C.F.R. § 1412.61; 7 C.F.R. § 3.17

21. Mr. Spradlin has exhausted his appellate remedies. A true and correct copy of the Agency National Appeals Division Director Review Determination is attached as **Exhibit A**.

22. Mr. Spradlin has received notice and demand of the amount due and has failed or refused to pay the outstanding penalty.

23. As of August 25, 2021, Mr. Spradlin is indebted to the Plaintiff in the amount of $75,447.35.

WHEREFORE, Plaintiff, the United States of America, requests judgment against Defendant Lee Spradlin in the amount of $75,447.35 with interest accruing after August 25, 2021 at $13.05 per day to the date of judgment. The United States further requests post-judgment interest, its costs of this action, and for such other and further relief as the Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JAN W. SHARP
Acting United States Attorney for the
District of Nebraska

By: /s/ Steven A. Russell
STEVEN A. RUSSELL, #16925
Assistant United States Attorney
487 Federal Bldg.
100 Centennial Mall North
Lincoln, NE 68508-3804
Tel: 402-437-5241
Fax: 402-437-5390
E-mail: steve.russell@usdoj.gov

Of Counsel:
Office of General Counsel
U.S. Department of Agriculture, Rural Development
Beacon Facility – Mail Stop 1401
P.O. Box 419205
Kansas City, MO 64141-6205
Tel: (816) 823-4646
Fax: (816) 823-4688

## REQUEST FOR PLACE OF TRIAL

    The United States hereby requests that trial of the above-entitled matter be held in the City of Omaha, Nebraska.

                                                        s/ Steven A. Russell
                                                        Assistant U.S. Attorney